IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GE COMMERCIAL DISTRIBUTION FINANCE CORP., § § | | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:12-cv-00303 |
| CHARDEE, INC. and VINCENT L. MORVILLO, JR., | § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Defendant Vincent L. Morvillo, Jr.'s ("Morvillo") Motion to Set Aside Default Judgment [Doc. # 27]. Plaintiff GE Commercial Distribution Finance Corp. ("CDF") has filed a Response [Docs. # 28 and 29]. Having reviewed the parties' briefing, the applicable legal authorities, and all matters of record, the Court **grants** Morvillo's Motion and **vacates** the Default Judgment [Doc. # 26].

## I.   BACKGROUND

On October 16, 2012, CDF filed a complaint in this Court against Chardee, Inc. ("Chardee") and Morvillo (collectively, "Defendants") [Doc. # 1]. CDF sought, among other things, damages in the amount of $80,266.20 plus interest for Defendant's alleged breach of a financing agreement with CDF for an Albin 26-foot boat (the "Boat"). *See id.* Morvillo was personally served with the complaint on October 31, 2012. Defendant's Response [Doc. # 28], ¶ 3.

After receiving the complaint, Morvillo provided the papers he received to his attorney, Charles Phillips. Affidavit of Vincent L. Morvillo, Jr. ("Vincent Morvillo Aff.") [Doc. # 27-2], ¶ 12. On November 6, 2012, CDF entered into a Voluntary Surrender Agreement with Defendants whereby Defendants agreed to surrender the Boat to CDF [Doc. # 20].[1] Morvillo, who is blind, relies on his wife, Margaretta Morvillo, to read him his mail and other non-electronic documents. Vincent Morvillo Aff., ¶ 13. Morvillo and his wife understood from a letter CDF's attorney sent to this Court, dated November 7, 2013 [Doc. # 20], that CDF would no longer pursue the lawsuit against Morvillo. Vincent Morvillo Aff., ¶¶ 15-16; Affidavit of Margaretta Morvillo ("Margaretta Morvillo Aff.") [Doc. # 27-1], ¶¶ 4-5.

Shortly thereafter, on November 12, 2012, both Morvillo and his wife were involved in a serious car accident in which they sustained injuries. Margaretta Morvillo Aff., ¶ 6. Margaretta's injuries were particularly severe and required medication for pain management, which impacted her normal functions and capabilities. *Id.*

---

[1] The Voluntary Surrender Agreement stated explicitly that "Dealer agrees that the surrender and transfer of the collateral is upon the express condition that dealer shall continue to be bound by the terms of the agreement including, without limitation, liability to CDF for any deficiency remaining after the transfer and disposition of such collateral." [Doc. # 20]. In a letter to this Court dated November 7, 2012, which was copied to Defendants and their attorney, Charles Phillips, CDF stated, "Nothing herein or within the accompanying Motion shall affect CDF's claim for money damages against the Defendants." *Id.*

Margaretta took these medications until March or April of this year, and is still suffering from frequent headaches and other pain due to the accident. *Id.*

Neither Chardee nor Morvillo ever filed an appearance in this case. On January 9, 2013, CDF filed a Motion for Default Judgment [Doc. # 25] against Defendants, in which Defendants were advised of the need to respond to Plaintiff's Complaint and the Motion within fourteen calendar days of service of the Motion. Morvillo and his wife aver that they never received a copy of that Motion. Vincent Morvillo Aff., ¶ 17; Margaretta Morvillo Aff., ¶ 7. Defendants did not respond to it and, on February 4, 2013,[2] this Court issued a Default Judgment [Doc. # 26] against Defendants for $80,266.20 in damages, plus $12,213.00 in attorneys' fees, as CDF requested.

## II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 55(c) permits a court to "set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." FED. R. CIV. P. 55(c). Rule 60(b) sets forth various reasons for setting aside a judgment, including "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). A motion under Rule 60(b) must be made within a "reasonable time," which,

---

[2] The Default Judgment contains a typographical error. It states that it was signed on January 4, 2013, but in reality it was both signed *and* docketed on February 4, 2013. *See* Doc. # 26.

for Rule 60(b)(1), means "no more than one year after the entry of the judgment . . ." FED. R. CIV. P. 60(c)(1).

Rule 60(b) is a "remedial provision intended to prevent injustice by allowing parties their day in court even though some technical error has occurred which would otherwise be grounds for default or dismissal." *Greater Baton Rouge Golf Assoc. v. Recreation and Park Comm'n*, 507 F.2d 227, 228 (5th Cir. 1975). The Fifth Circuit has advised that courts should "construe Rule 60(b)(1) liberally to ensure that they resolve doubtful cases on the merits." *Rogers v. Hartford Life and Accident Ins. Co.*, 167 F.3d 933, 938 (5th Cir. 1999). "Unless it appears that no injustice results from the default, relief should be granted." *Azzopardi v. Ocean Drilling & Exploration Co.*, 742 F.2d 890, 895 (5th Cir. 1984).

While the decision as to whether a court should set aside a default judgment is within the discretion of the court, *see Rogers*, 167 F.3d at 939, the Fifth Circuit has focused on three factors to guide courts' analysis of the issue: "whether the default was willful; whether setting it aside would prejudice the adversary; and whether a meritorious defense is presented." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). Courts may also focus on other equitable factors, such as whether "the defendant acted expeditiously to correct the default." *Id.* (internal citation omitted).

## III.   ANALYSIS

Application of the Fifth Circuit's factors for setting aside a default judgment leads the Court to conclude that Morvillo's Motion should be granted.

Morvillo's default was not "willful." Morvillo sent the papers he initially received from CDF to an attorney. *Id.*, ¶ 12. Morvillo is blind and must rely on his wife to read and handle his mail and other correspondence. Vincent Morvillo Aff., ¶ 13. Both Morvillo and his wife, who are not lawyers, misunderstood the nature of the Voluntary Surrender Agreement with CDF and CDF's correspondence with this Court. *Id.*, ¶¶ 15-16; Margaretta Morvillo Aff., ¶¶ 4-5. Furthermore, the couple suffered a serious car accident on November 12, 2012, that left Margaretta impaired (having to take medications for her injuries for 5-6 months) and without the same ability to take care of her husband. Margaretta Morvillo Aff., ¶ 6. CDF's Motion for Default Judgment [Doc. # 25] was filed only two months after the accident. Because Morvillo misunderstood his obligations under the Voluntary Surrender Agreement and misinterpreted other correspondence sent to the Court, his failure to respond to the complaint and the Motion for Default Judgment was excusable. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993) ("Thus, at least for

purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.").[3]

Second, CDF will not be prejudiced by the setting aside of the Default Judgment. The Fifth Circuit has made clear that there is no prejudice to a plaintiff "where the setting aside of the default has done no harm to plaintiff except to require it to prove its case." *Lacy*, 227 F.3d at 293 (internal citation omitted). In order to establish legally cognizable prejudice, "the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Id.* CDF has not made that showing. While CDF would have saved the time and cost it incurred in trying to enforce its judgment had Morvillo not initially defaulted, that expense is not sufficient for this purpose.

Finally, Morvillo has made a credible argument that the judgment rendered against him is materially higher than the amount he likely owes. Accordingly, allowing him the opportunity to answer the complaint and to address the issues further would be in the interest of justice and ensures that any judgment issued is proper.

## IV.   CONCLUSION

For the foregoing reasons, it is hereby

---

[3] It is unclear why Morvillo's prior attorney never made an appearance in this case.

**ORDERED** that Morvillo's Motion to Set Aside Default Judgment [Doc. # 27] is **GRANTED** and that the Default Judgment [Doc. # 26] is **VACATED**. It is further

**ORDERED** that counsel are directed to appear before the Court in **Houston, Texas**, for an Initial Conference on **November 14, 2013, at 10:30 am**.

SIGNED at Houston, Texas, this **9th** day of **October, 2013.**

_____
Nancy F. Atlas
United States District Judge